IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PITAMBER D. SHARMA, et al.          :
                                    :
                                    :
   v.                               :   Civil Action No. DKC 11-0834
                                    :
ONEWEST BANK, FSB                   :
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for review in this diversity action is the motion filed by Defendant OneWest Bank, FSB ("OneWest") to dismiss Plaintiffs' first amended complaint. (ECF No. 20). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part.

**I.   Background**

Plaintiffs allege the following facts in their first amended complaint. On November 4, 2005, Plaintiffs Pitamber D. Sharma, his son Hari Sharma, and his daughter Asha Sharma, together purchased a house ("the property") in Beltsville, Maryland.[1]  To buy the property, Plaintiffs took out a

---

[1] The first amended complaint also states that Plaintiffs bought the property on December 27, 2005. (ECF No. 19 ¶ 18). The exact purchase date of the property is not relevant to the issues presented in the pending motion.

$232,000.00 loan with Financial Mortgage, Inc. ("FMI"), which loan was secured by a Purchase Money Deed of Trust ("the deed of trust") against the property.[2] OneWest is the successor-in-interest to FMI.

In October 2008, Plaintiffs "started experiencing financial difficulties and fell behind in making their monthly payments to their lenders." (ECF No. 19 ¶ 11). In December 2008, Plaintiffs unsuccessfully sought a loan modification with OneWest. Roughly eight months later, in August 2009, OneWest "made an oral and unilateral declaration" that the property was a "Property Deemed Vacant" and proceeded to install a lock box on the property, thereby retaining "exclusive, complete control and possession" of it. (*Id.* ¶ 13).[3] Plaintiffs have been locked out of the property ever since. Pitamber Sharma has taken shelter at a Hindu temple in Adelphi, Maryland, Hari Sharma has moved to northern Virginia, and Asha Sharma has moved to India.

On February 7, 2011, Plaintiffs filed a complaint against IndyMac Financial Service Corp. ("IndyMac") in the Circuit Court for Prince George's County, Maryland. After service, IndyMac

---

[2] Plaintiffs also took out a $58,000.00 loan, which is serviced by non-party Specialized Loan Servicing.

[3] On two separate occasions, September 29, 2009, and August 13, 2010, OneWest attempted to foreclose on the property, but OneWest dismissed the proceedings each time.

timely removed to this court on the basis of diversity of citizenship. (ECF No. 1). Because IndyMac is a division of OneWest and is not capable of being separately sued, the parties stipulated to a name change on behalf of Defendant to OneWest. (ECF No. 11). Plaintiffs later amended the complaint on May 10, 2011. This first amended complaint contains seven "counts": (1) quiet title and possession; (2) breach of contract; (3) breach of fiduciary duty; (4) conversion of intangibles; (5) declaratory judgment; (6) unjust enrichment; and (7) damages. (ECF No. 19).

On May 26, 2011, OneWest filed the pending motion to dismiss Plaintiffs' first amended complaint. (ECF No. 20). Plaintiffs filed opposition papers on June 13, 2011. (ECF No. 21). OneWest replied on June 30, 2011. (ECF No. 22).

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3

(2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

    **A.   Count One:  Quiet Title and Possession**

In the first count of the first amended complaint, Plaintiffs allege that OneWest's locking out of Plaintiffs from the property "constitutes a cloud on [Plaintiffs'] title and right to control, possess and use the [property]."  (ECF No. 19 ¶ 23).

In Maryland,

> [a] quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied.

*Kasdon v. G. W. Zierden Landscaping, Inc.*, 541 F.Supp. 991, 995 (D.Md. 1982).  "The purpose of an action to quiet title is to protect the owner of legal title from being disturbed in his possession . . . ."  *Porter v. Schaffer*, 126 Md.App. 237, 260 (1999) (internal quotations omitted).  The burden is on the plaintiff to establish both possession and legal title by "clear proof."  *Id.* (*citing Stewart v. May*, 111 Md. 162, 173 (1909)). Possession may be actual or constructive.  *Wash. Mut. Bank v. Homan*, 186 Md.App. 372, 405 (2009); *see also* Md. Code Ann., Real

Prop. § 14-108(a) (permitting quiet title suits by "[a]ny person in actual peaceable possession of property, or, if the property is vacant and unoccupied, in constructive and peaceable possession of it").

Here, Plaintiffs fail to state a claim to quiet title on two fronts. First, they fail to allege facts that would establish that they have possession, be it actual or constructive, of the property. In fact, they allege just the opposite. The basis of their quiet title claim is that they lack possession: they have been locked out of the property since August 2009 and have therefore "been deprived [of] control, use, and possession" of the property. (ECF No. 19 ¶ 21). Without possession, Plaintiffs cannot maintain a quiet title cause of action. *See* Md. Code Ann., Real Prop. § 14-108(a).

Second, Plaintiffs fail to allege facts that suggest that they have legal title to the property. Plaintiffs do not dispute the validity of the deed of trust. By virtue of the deed of trust, however, Plaintiffs transferred legal title to the trustee. *Fagnani v. Fisher*, 418 Md. 371, 383 (2011). Without legal title, Plaintiffs cannot bring a quiet title claim. *See Porter*, 126 Md.App. at 260; *see also Parillon v. Fremont Inv. & Loan*, No. L-09-3352, 2010 WL 1328425, at *2

6

(D.Md. Mar. 25, 2010) (dismissing a quiet title claim of a plaintiff who had executed a deed of trust).

Count One could also be construed as a cause of action under section 14-108.1 of the Real Property Article of the Maryland Code for a possessory action, also known as an action for ejectment. OneWest admits as much in its reply. (ECF No. 22, at 3). Although Plaintiffs do not cite section 14-108.1 anywhere in the first amended complaint, this failure of pleading does not automatically foreclose the claim. *Jones v. Koons Auto., Inc.*, 752 F.Supp.2d 670, 683 (D.Md. 2010) ("[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."). Here, the first amended complaint provides enough notice that Plaintiffs intended to bring an action for ejectment. First, the title itself of the first count is "QUIET TITLE *AND POSSESSION*." (ECF No. 19, at 5) (emphasis added). Moreover, the first count references Plaintiffs' rights to possession throughout. (*Id.* ¶¶ 20-23). Finally, the relief sought in the first count clearly requests an order directing OneWest "to remove the lock from [the property]" (*id.* at 6), which is the type of relief contemplated

7

by section 14-108.1. Count One will thus be analyzed as an action for possession.[4]

In general, "[u]nless the plaintiff in ejectment shows a legal title and a right to possession, . . . he cannot recover in ejectment under the settled law of this state." *Porter*, 126 Md.App. at 271; *accord Janoske v. Friend*, 261 Md. 358, 363-64 (1971). Regarding the first requirement, having legal title, section 14-108.1 provides an exception: "Encumbrance of property by a mortgage or deed of trust to secure a debt does not prevent an action under this section by the owner of the property." Md. Code Ann., Real Prop. § 14-108.1(b)(2). Thus, the fact that Plaintiffs executed the deed of trust, thereby transferring legal title to the trustee, does not defeat their action for ejectment as it does their quiet title claim.

Plaintiffs' ability to maintain a possessory action therefore pivots on their right to possession. Here, Plaintiffs assert that they "continue to be the title owner of [the

---

[4] This inference is particularly appropriate given the relationship between a quiet title action and an action for possession. The two causes of action are opposite sides of the same coin, turning on which party has possession of the property at issue. *Wathen v. Brown*, 48 Md.App. 655, 658 (1981); *see also Porter*, 126 Md.App. at 273 ("Historically, quiet title was an equitable remedy, whereas ejectment was a remedy at law. . . . The fundamental difference between the two was the question of possession. . . . Thus, when an owner was not in possession, a [quiet title claim] would not lie, because the owner could resort to the legal remedy of ejectment." (internal citations omitted)).

property]." (ECF No. 19 ¶ 19). Moreover, OneWest concedes that "there is no dispute as to whether the Plaintiffs are the equitable title owners of the Property." (ECF No. 20, at 4). The parties agree that Plaintiffs have stated a claim for the right to possession of the property. Plaintiffs have satisfied the second requirement for bringing an action for ejectment.

Accordingly, Count One will be dismissed as to Plaintiffs' cause of action for quiet title, but not as to their ejectment claim.

### B. Count Two: Breach of Contract

In Count Two of the first amended complaint, Plaintiffs allege that their lockout by OneWest constituted a material breach of several provisions of the deed of trust, including Sections 6, 7, 9, 12, 20, and 25. (ECF No. 19 ¶¶ 26-27).[5] Plaintiffs also contend that OneWest failed to provide proper notice regarding OneWest's entry into the property to change the locks. (*Id.* ¶ 27).

---

[5] Plaintiffs also refer vaguely to alleged violations by OneWest of "Maryland Foreclosure, Maryland Real Property, and Maryland Residential Mortgage laws." (*Id.* ¶ 27). It is unclear how these references to bodies of state law apply to Plaintiffs' breach of contract claim. To the extent Plaintiffs meant to state independent claims pursuant to any of these laws, they fail to provide adequate notice to OneWest, even under the liberal notice pleading standard of the Federal Rules. Any intended cause of action on these bases will therefore be dismissed.

Under Maryland law, to establish breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant materially breached that obligation. *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010). In this case, two of the provisions of the deed of trust identified by Plaintiffs dictate the outcome of the pending motion. Section 25 grants Plaintiffs a general right to possession of the property: "Borrower shall have possession of the Property until Lender has given Borrower notice of default pursuant to Section 22 of this Security Instrument." (ECF No. 19-1, at 17).[6] Section 9 governs when OneWest may change the locks on the property:

> If . . . Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or

---

[6] "[C]ourts may consider a document that a defendant attaches to its motion to dismiss if the document 'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'" *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (internal quotations omitted) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 214 (4th Cir. 2004)).

10

>> dangerous conditions, and have utilities turned on or off.

(*Id.* at 13).

As to Plaintiffs' argument regarding inadequate notice, it is undisputed that Plaintiffs do not have possession of the property and that OneWest does. Under Section 25, OneWest was required to give proper notice before taking over possession. OneWest contends that it did give notice that the property was a "Property Deemed Vacant." (ECF No. 20, at 5). As alleged, however, OneWest's notice might have been inadequate because it was given orally, and Section 15 of the deed of trust appears to require that all notice be provided in writing. (ECF No. 19-1, at 15). Thus, Plaintiffs have stated a claim for breach of the deed of trust.

OneWest argues that it is not in breach because it changed the locks on the property pursuant to Section 9, and, unlike other provisions in the deed of trust, Section 9 does not carry a notice requirement. (ECF No. 20, at 6). OneWest contends that Plaintiffs abandoned the property in August 2009, thus permitting it to change the locks on the property. Plaintiffs, of course, disagree.

Clouding matters here is the fact that the deed of trust does not include a definition of "abandonment." In such instances, courts must ascribe to undefined contract terms their

11

ordinary meaning. *Metro. Life Ins. Co. v. Promenade Towers Mut. Hous. Corp.*, 84 Md.App. 702, 718 (1990). Black's Law Dictionary defines "abandonment" as follows: "The relinquishing of or departing from a homestead, etc., with the present, definite, and permanent intention of never returning or regaining possession." *Black's Law Dictionary* (9th ed. 2009). Put another way, to "abandon" real property, "one party must have voluntarily surrendered his or her property interest with an intent to terminate his or her ownership interest in the property." *Beesley v. Hanish*, 70 Md.App. 482, 497 (1987); *see also Tuzeer v. Yim, LLC*, No. 816, Sept. Term, 2010, 2011 WL 4537172, at *15 (Md.Ct.Spec.App. Oct. 3, 2011) ("Generally, a finding of abandonment requires the 'concurrence of two factors, (a) an intention to abandon and (b) some overt act, or some failure to act, which carries the implication that the owner does not claim or retain any interest in the subject matter.'" (quoting *Dorman v. Mayor & City Council*, 187 Md. 678, 684 (1947)). On its own, an extended period of non-use, is "insufficient to establish an intent to abandon the right to the property." *Beesley*, 70 Md.App. at 497.

Whether Plaintiffs abandoned the property, thus permitting OneWest to change the locks without notice, is not evident based

on the complaint.[7] At most, OneWest again points to the fact that it notified Plaintiffs that it considered the property a "Property Deemed Vacant." It is not *OneWest's* actions that determine whether Plaintiffs' abandoned the property, however, it is *Plaintiffs'* actions and intent that matter. Notably, OneWest does not contend that its notice to Plaintiffs carried with it some ultimatum or imposed some duty to respond. On its own, Plaintiffs' non-use of the property does not give rise to an inference of abandonment. *See Beesley*, 70 Md.App. at 497. In fact, if anything, the first amended complaint suggests just the opposite: only eight months prior to the lockout, Plaintiffs had sought loan modifications with OneWest on the property, and, though unsuccessful, Plaintiffs allege that the "loan modification has remained *in progress*." (ECF No. 19 ¶ 12) (emphasis added). This fact bolsters the conclusion that

---

[7] Plaintiffs attempt to combat OneWest's argument that they abandoned the property by asserting that during the months from June to August 2009, they "commenced efforts to modify the loan" and "started to prepare the property to rent." (ECF No. 21, at 3). They assert that they "have never abandoned the Property and/or [their] belongings in the Property." (*Id.*). In support of these new factual allegations, Plaintiffs attach an affidavit to their opposition. It is axiomatic, however, that facts contained in an opposition to a motion to dismiss but not within the complaint itself cannot be considered. *See Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997). As none of these facts appear anywhere in the complaint, they can offer no support for Plaintiffs' argument against dismissal. Nonetheless, for the reasons discussed in this opinion, Count Two will not be dismissed.

Plaintiffs did not intend to abandon the property. If Plaintiffs did not abandon the property, then OneWest had no right to change the locks on it under Section 9 of the deed of trust.

Plaintiffs have therefore stated a plausible breach of contract claim. *See Iqbal*, 129 S.Ct. at 1950. OneWest's motion to dismiss Count Two will be denied.

**C.   Count Three:  Breach of Fiduciary Duty**

In the third count of the first amended complaint, Plaintiffs allege that OneWest breached its fiduciary duty to them pursuant to the deed of trust. (ECF No. 19 ¶ 30).

"[A]lthough the breach of a fiduciary duty may give rise to one or more causes of action, in tort or in contract, Maryland does not recognize a separate tort action for breach of fiduciary duty." *Int'l Bhd. of Teamsters v. Willis Corroon Corp.*, 369 Md. 724, 727 n.1 (2002) (citing *Kann v. Kann*, 344 Md. 689, 713 (1997)). Here, the substance of Plaintiffs' breach of fiduciary duty claim is indistinguishable from their claim for breach of contract. Even if an independent cause of action could be sustained, however, no fiduciary duty exists between the parties. First, "in Maryland, the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor, and is not fiduciary in nature." *Yousef v. Trustbank Sav., F.S.B.*, 81 Md.App. 527,

14

536 (1990) (internal citations omitted). Second, the deed of trust does not establish any contracted-for fiduciary duty. Third, none of the various statutes mentioned by Plaintiffs in Count Three confer such a duty. (*See* ECF No. 19 ¶ 30 (Maryland Protection of [Homeowners] in Foreclosure Act); *id.* ¶ 33 (Home Affordable [Modification] Program)). Accordingly, this count will be dismissed.

### D. Count Four: Conversion of Intangibles

In Count Four of the complaint, Plaintiffs allege that OneWest has converted their "intangible rights to use, possess, and collect rent monies." (ECF No. 19 ¶ 39).

Under Maryland law, a conversion "is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Inv. Corp. v. Jasen*, 354 Md. 547, 560 (1999) (internal quotations omitted). Although the original common law rule required the plaintiff's property to be tangible to state a claim for conversion, "[t]hat rule has been modified over time and certain intangible property interests may now be recovered through a conversion claim." *Id.* The Court of Appeals of Maryland, however, has limited the expansion of the rule to include only intangible property rights "that are merged or incorporated into a transferable document," such as a stock certificate, and has refused "to cover completely intangible

rights." *Id.* at 562. Thus, to state a claim for conversion of intangible rights, a complaint "must . . . contain facts alleging that *tangible documents* evidencing those [intangible] interests . . . were transferred improperly to [the defendant]. *Id.* (emphasis added).

Here, Plaintiffs fail to allege that any tangible documents have been converted by OneWest. Indeed, the document at issue — the deed of trust — was attached to the first amended complaint by Plaintiffs. (*See* ECF No. 19-1). As Maryland has decided not to safeguard via the tort of conversion the sorts of purely intangible rights asserted by Plaintiffs, this count must be dismissed.

### E. Count Five: Declaratory Judgment

Count Five is styled as a request for "declaratory judgment," but it actually contains elements of declaratory, injunctive, and compensatory relief. First, Plaintiffs seek a declaratory judgment that "Plaintiffs have absolute ownership, possession and the right of disposition of [the property]." (ECF No. 19 ¶ 43). Plaintiffs also seek to have the lock removed from the property, and they seek damages. (*Id.*). To the extent Plaintiffs seek injunctive and compensatory relief, the possessory action and breach of contract claim described in Counts One and Two of the first amended complaint already provide for such potential relief.

16

To the extent Plaintiffs pursue declaratory relief, their claim is again foreclosed by the resolution of Counts One and Two. Plaintiffs seek a declaration that "Plaintiffs have absolute ownership, possession and the right of disposition of [the property]." (ECF No. 19, at 14). These issues are adequately - and directly - addressed in the first two counts. When declaratory relief would be duplicative of claims already alleged, dismissal is warranted. *Harte-Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F.Supp.2d 505, 528 (D.Md. 2004). Accordingly, the court will grant the motion to dismiss as to Count Five.

**F.   Count Six:  Unjust Enrichment**

In the sixth count, Plaintiffs claim that OneWest has been unjustly enriched by taking possession of the property. (ECF No. 19 ¶¶ 44-48).

A claim of unjust enrichment ordinarily cannot be brought where the subject matter of the claim is governed by an express contract between the parties. *Janusz v. Gilliam*, 404 Md. 524, 567 (2008); *accord FLF, Inc. v. World Publ'ns, Inc.*, 999 F.Supp. 640, 642 (D.Md. 1998). Here, the deed of trust defines Plaintiffs' rights and duties vis-à-vis OneWest and the property, and neither party disputes the existence or validity of the deed of trust itself. Accordingly, an unjust enrichment claim will not lie here and Count Six will be dismissed.

17

**G.   Count Seven: Damages**

Finally, Plaintiffs fail to state a claim in Count Seven. They seek a variety of damages, all of which appear to be consequential in nature stemming from OneWest's alleged breach of the deed of trust. (*See* ECF No. 19 ¶¶ 52-53). Consequential damages suffered as a result of a contract breach "are generally defined as [s]uch damage, loss or injury as does not flow directly and immediately from the act of the party, but only from some of the consequences or results of such act." *Trimed, Inc. v. Sherwood Med. Co.*, 977 F.2d 885, 893 n.7 (4th Cir. 1992) (internal quotations omitted). Unlike Count Two, however, where Plaintiffs assert the breach of specific contractual provisions, Plaintiffs in Count Seven merely specify additional damages being sought for those breaches, but do not allege a separate breach. To the extent the count asserts only consequential damages rather than any legally cognizable cause of action, Plaintiffs fail to state a claim. *See Agwumezie v. Allstate Ins. Co.*, No. Civ.A. DKC 2002-0493, 2002 WL 32361936, at *3 (D.Md. Aug. 8, 2002).[8]  Accordingly, the motion to dismiss will be granted as to this count.

---

[8] Plaintiffs also allege that "[a]s a direct result of One West's failure to pay utility bills, [the property] may have suffered frozen pipes and other damages." (ECF No. 19 ¶ 51). This appears to be a rather inartful attempt to state a negligence claim. To the extent this is the case, Count Seven

## IV. Conclusion

For the foregoing reasons, the motion to dismiss first amended complaint filed by Defendant OneWest will be granted in part and denied in part. A separate order will follow.

               /s/
DEBORAH K. CHASANOW
United States District Judge

---

must still be dismissed. Plaintiffs do not set forth any facts suggesting that OneWest had a duty to pay the utility bills. Indeed, as OneWest points out, the deed of trust specifically excuses it from taking such action. (*See* ECF No. 19-1, at 13).